IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| JAMES FRANCIS FARRELL, | ) | CASE NO. BK19-80282 |
| | ) | |
| Debtor(s). | ) | CHAPTER 7 |

<u>ORDER</u>

Hearing was held on May 20, 2019, on the Chapter 7 trustee's motion for turnover (Fil. No. 13) and resistance by the debtor (Fil. No. 16). John T. Turco appeared for the debtor and Brian S. Kruse appeared as Chapter 7 trustee. The parties have submitted post-hearing briefs and the matter is now ready for decision.

The trustee's motion is granted.

The trustee filed this motion seeking an order requiring the debtor to turn over a vehicle or the non-exempt equity in the vehicle.[1] The debtor listed in his bankruptcy schedules a 2012 Toyota Highlander worth $12,652. The debtor claimed a 50% interest in the vehicle, with the other 50% belonging to his non-debtor wife, although he concedes the title is in his name only.

The facts are not in dispute: The debtor and his wife previously each drove separate leased vehicles. Due to financial problems caused by the failure of a business, the leases were terminated. The debtor's mother then gave the debtor and his wife the Highlander for both of them to use. The debtor titled the vehicle in his name only. The Highlander is the only vehicle the debtor and his wife own, although according to Schedule A/B, the debtor's wife is driving a vehicle borrowed from her mother. The debtor scheduled a 50% ownership interest in the Highlander and claimed that interest, valued at $6,326, as exempt under Neb. Rev. Stat. §§ 25-1556(e) and 25-1552(1).

The legal question to be decided is whether the bankruptcy court should recognize the equitable ownership interest of a non-debtor who is not named on the vehicle's certificate of title.

A Chapter 7 trustee is authorized to administer the property of a bankruptcy estate. 11 U.S.C. § 704(a). The bankruptcy estate consists of a debtor's legal or equitable interests in property as of the petition date, § 541(a), and the scope of those interests is determined under state law.

> A bankruptcy estate includes all legal or equitable interests of the debtor in property as of the commencement of a bankruptcy case. 11 U.S.C. § 541(a)(1). The Supreme Court declared that section 541(a)(1) is broad and consist of properties of all description, including tangible or intangible property. *Whetzal v. Alderson*, 32

---

[1]The trustee also sought the turnover of the debtor's interest in 2018 tax refunds. The debtor does not oppose that portion of the motion, so it is not addressed here.

> F.3d 1302, 1303 (8th Cir. 1994) (citing *U.S. v. Whiting Pools, Inc.*, 462 U.S. 198, 205 (1983)). State law governs the existence and extent of the debtor's legal and equitable interest in property. *Butner v. United States*, 440 U.S. 48, 54 (1979); *Ferris, Baker, Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.)*, 371 F.3d 397, 401 (8th Cir. 2004).

*In re Archdiocese of Saint Paul & Minneapolis*, 579 B.R. 188, 200 (Bankr. D. Minn. 2017).

The applicable Nebraska statute is Neb. Rev. Stat. § 60-140, which governs proof of ownership and acquisition of vehicles:

> 60-140. Acquisition of vehicle; proof of ownership; effect
>
> (1) [N]o person acquiring a vehicle from the owner thereof, whether such owner is a manufacturer, importer, dealer, or entity or person, shall acquire any right, title, claim, or interest in or to such vehicle until the acquiring person has had delivered to him or her physical possession of such vehicle and (a) a certificate of title or a duly executed manufacturer's or importer's certificate with such assignments as are necessary to show title in the purchaser, (b) a written instrument as required by section 60-1417, (c) an affidavit and notarized bill of sale as provided in section 60-142.01, or (d) a bill of sale for a parts vehicle as required by section 60-142.
>
> (2) No waiver or estoppel shall operate in favor of such person against a person having physical possession of such vehicle and such documentation. No court shall recognize the right, title, claim, or interest of any person in or to a vehicle, for which a certificate of title has been issued in Nebraska, sold, disposed of, mortgaged, or encumbered, unless there is compliance with this section. Beginning on the implementation date of the electronic title and lien system designated by the director pursuant to section 60-164, an electronic certificate of title record shall be evidence of an owner's right, title, claim, or interest in a vehicle.

Neb. Rev. Stat. Ann. § 60-140 (West).

Nebraska case law makes clear that "while the certificate of title act provides the exclusive method for the transfer of title to a vehicle, it is not conclusive on the issue of ownership[.]" *Hanson v. Gen. Motors Corp.*, 486 N.W.2d 223, 225 (Neb. 1992) (citing *Alford v. Neal*, 425 N.W.2d 325 (Neb. 1988)). The bankruptcy court has observed that the certificate of title statute's applicability may not be as broad as initially appears: "The Nebraska Supreme Court recognized that the purpose of § 60–105 is to prevent fraud or misrepresentation, and recognized that there are circumstances where, although § 60–105 would apply by its terms, the circumstances may not be within the intended purview of the statute." *In re Mueller*, 123 B.R. 613, 615 (Bankr. D. Neb. 1990) (interpreting the predecessor statute to § 60-140). *Mueller* involved a debtor who had possession and use of two trailers purchased from a seller who retained the trailers' titles to secure payment of the purchase price. The debtor argued the seller had no basis for relief from the automatic stay because

the seller did not have *both* the title to and possession of the trailers. The court said the debtor's "literal interpretation of [the statute] leads to absurd results[,]" *id.* at 614, because neither party could have right, title, or interest in the trailers as neither party had both possession and the certificates of title. The court held that § 60-105 did not apply because the dispute was between a buyer and a seller, rather than a third party, and did not involve allegations of fraud. The court ultimately ruled that the seller had a security interest in the trailers.

In an adversary proceeding to avoid a creditor's preferential lien on a debtor's vehicle in another Nebraska bankruptcy case, the creditor argued that the debtor received only certain rights when she purchased the car, with the remainder of her rights to the property conditional upon the debtor arranging financing and completing payments. "In essence, the parties intended to transfer the ownership interest in the vehicle for a perfected security interest in the vehicle, according to the defendant, and that transfer was not completed until title was issued with the lien noted on it." *Lange v. Liberty Alliance Fed. Credit Union (In re Sides)*, No. A08-4021-TJM, 2008 WL 5392012, at *2 (Bankr. D. Neb. Dec. 18, 2008). The defendant admitted giving the debtor possession of the car and written documentation of the sale, but argued that because the debtor did not receive the title certificate, she did not obtain full ownership rights in the vehicle. The court disagreed, saying "[i]f [the defendant's argument] were true, then presumably § 60–140 would make clear that only possession of the vehicle and a certificate of title would convey full ownership rights. As it stands, the statute recognizes that a bill of sale or the § 60–1417 documents are sufficient to convey ownership as well." *Id.* at *3. In other words, the bankruptcy court has been willing to recognize that vehicle ownership does not necessarily require one's name to be on the certificate of title as long as there is other proof of ownership.

This reading of the certificate of title statute as not conclusive on the issue of ownership usually comes up in disputes between buyers and sellers. We do not have that situation here, as the dispute is between an owner and the bankruptcy trustee. Nevertheless, even if the statute were interpreted in such a way in this case to recognize an equitable interest held by the debtor's wife, such an interpretation could not stand up to the bankruptcy trustee's exercise of his § 544 powers.

Under the Bankruptcy Code, the trustee is deemed to have a lien on all of the debtor's property and this hypothetical lien is superior to any unperfected liens. *Union Planters Bank, N.A. v. Burns (In re Gaylord Grain L.L.C.)*, 306 B.R. 624, 629 (B.A.P. 8th Cir. 2004). These strong-arm powers arise under § 544(a):

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by –
>> (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists[.]

A lien that is unperfected because it is not noted on the vehicle's certificate of title is unenforceable against third parties, including bankruptcy trustees. "Nebraska certificate of title laws should be interpreted to provide a simple straightforward way to determine whether a lien exists on a motor vehicle. Such laws should not be construed to render undisclosed liens enforceable." *In re Went*, 179 B.R. 889, 891 (Bankr. D. Neb. 1995). The same logic should apply to vehicle ownership. To survive challenges from creditors or bankruptcy trustees, the ownership of a vehicle must be apparent from the certificate of title. To permit a debtor to claim, on the basis of equity, that the vehicle is owned at least in part by someone else, who is not identified on the title, is a slippery slope. There would be no way to ascertain the true ownership if the law was interpreted as liberally as Mr. Farrell suggests it should be. Moreover, the trustee raises a valid point in his brief: if the question of the ownership of this vehicle were to arise under the circumstances of an attempt by a creditor of Mrs. Farrell to levy on her property, would the debtor be so eager to offer up her alleged half-interest?

The debtor also suggests § 541(d)[2] removes the non-debtor spouse's interest in the vehicle from the property of the bankruptcy estate. "Congress plainly excluded property of others held by the debtor in trust at the time of the filing of the petition." *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 205 n.10 (1983).

Outside of the mortgage context, this section is invoked most commonly when a trust exists or arguably exists. In fact, most of the cases located in our research involving the application of § 541(d) to personal property such as vehicles dealt with whether the debtor held the property in trust. A Florida bankruptcy court summarized the statute's legislative history as follows:

> This Section deals with property that the Debtor holds as of the commencement of the case only legal title and not an equitable interest.
>
> The legislative history of this subsection indicates that it was basically designed to deal with bona fide secondary market transactions involving mortgages. According to the Senate Report accompanying the Reform Act of 1978 it was designed to permit the efficient servicing of mortgages and interest in mortgages. S.

---

[2]That section states:

> Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, such as a mortgage secured by real property, or an interest in such a mortgage, sold by the debtor but as to which the debtor retains legal title to service or supervise the servicing of such mortgage or interest, becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

11 U.S.C. § 541(d).

>  Rep. No. 989, 95th Cong., 2d Sess. 83–84 (1978). Under these arrangements, the seller often retains the original mortgage note and related documents and the purchaser records title under the state law reflecting the purchaser's ownership of the mortgages. The House Report, 124 Cong. Rec. H–11096 (Daily Ed. September 28, 1978).
>
>  However, in construing this Section, some Courts have extended the scope of this exception and have held, under varying factual situations, that property other than real property may be held in trust for the benefit of a third party and does not become part of the bankruptcy estate. *See Matter of McBarnette*, 173 B.R. at 249, 250 (Bankr. N.D. Ga.1994).

*In re Daugherty*, 261 B.R. 735, 738-39 (Bankr. M.D. Fla. 2000).

Cases which have examined whether a debtor holds a vehicle in trust have done so in situations noted by the debtor in his brief – such as where a vehicle used by a young person is titled in the parent's name for legal reasons, or to assist the purchaser with obtaining credit or insurance. *See, e.g.*, *In re Ward*, 300 B.R. 692 (Bankr. S.D. Ohio 2003) (vehicle was owned by debtor's son, even though only the debtor's name was on title; the vehicle was subject to an express trust and was not property of the bankruptcy estate); *In re McBarnette*, 173 B.R. 248 (Bankr. N.D. Ga. 1994) (vehicle used exclusively by debtor's son and purchased with money from son's grandmother was titled solely in debtor's name for insurance purposes; the court ruled the car was held in a resulting trust under Georgia law and was not property of the bankruptcy estate); *In re Crotts*, 87 B.R. 418 (Bankr. E.D. Va. 1988) (under Virginia law, a car which was transferred to debtor and titled in her name solely for purpose of assisting her in obtaining insurance was impressed with constructive trust, so that car and any proceeds thereof should have been excluded from property of debtor's estate); *In re Smith*, 73 B.R. 211 (Bankr. N.D. Fla. 1986) (debtor's parents had intended to make a gift of the car to their granddaughter and had placed title in the debtor's name only because the granddaughter was a minor; the bankruptcy court found that the automobile was the subject of an unwritten express trust and was not property of the estate).

Mr. Farrell has not suggested that he holds the vehicle in trust for his wife, so § 541(d) need not be addressed further here.

When considering the applicability of an exemption statute, "the starting point with all exemptions is clear—the specific exemptions are to be liberally construed in favor of the person claiming the exemption." *In re Welborne*, 63 B.R. 23, 26 (Bankr. D. Neb. 1986) (citing Richard F. Duncan, *Through the Trapdoor Darkly: Nebraska Exemption Policy and the Bankruptcy Reform Act of 1978*, 60 Neb. L. Rev. 219, 267 (1981)).

This mandate to liberally apply exemptions is not unfettered. Reasonableness also has to be considered. To adopt Mr. Farrell's arguments concerning the ownership interests in his vehicle would render certificates of title unreliable, require a factual inquiry in nearly every case, and gut § 60-140, which is intended to impose a degree of certainty when ascertaining ownership and other

interests in motor vehicles. For these reasons, the trustee's motion must be granted.

IT IS ORDERED: The Chapter 7 trustee's motion for turnover (Fil. No. 13) is granted.

DATED: June 28, 2019.

BY THE COURT:

/s/Thomas L. Saladino
Chief Judge

Notice given by the Court to:
   *Brian S. Kruse
   John T. Turco
   United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.